[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13983

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEFARIO ANTOINE EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00116-PGB-DCI-1

_____

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, Defario Antoine Evans challenges the district court's September 2020 order that found, pursuant to 18 U.S.C. § 4241(d)(2)(A), that there existed a "substantial probability" that Evans could be restored to competency to stand trial. He argues that the district court applied the wrong standard in determining whether a "substantial probability" of restoration exists, and he asks us to remand for the district court to apply the proper standard.

At some point in 2021, while this appeal was pending, Evans was transferred for the ordered restoration to the Mental Health Department of the Federal Medical Center in Butner, North Carolina. Subsequently, forensic psychologist Evan S. Du Bois submitted a written report, prepared in late September 2021, opining that Evans "is not currently suffering from a mental disease or defect which renders him incompetent to stand trial."

On February 9, 2022, a magistrate judge held a hearing to determine Evans's competency. The government admitted into evidence the report by Dr. Du Bois, and Evans stipulated that he was competent to proceed. Evans did not present evidence at the hearing, but proffered that his expert, Dr. Jeffrey Danziger, had recently evaluated him and opined that he was restored to competency. The magistrate judge issued a Report and

Recommendation recommending that the district court find Evans competent to proceed at this time.

On February 23, 2022, after *de novo* review, the district court accepted the magistrate judge's recommendation and found that Evans is competent to proceed at this time. It noted that its finding "does not necessitate a finding that the Defendant is either *restored* to competency or has always been competent . . . simply that the Defendant is now competent to proceed."

After review and with the benefit of oral argument, we conclude that Evans's instant appeal has become moot because "it is impossible for us to grant him any effectual relief." *United States v. Serrapio*, 754 F.3d 1312, 1317 (11th Cir. 2014) (quotation marks omitted and alterations adopted). Even assuming *arguendo* that the district court did not apply the proper standard, Evans's requested relief—a remand for the district court to consider Evans's proposed standard in determining whether a "substantial probability" of restoration to competency exists—would be, at best, an advisory opinion as he is now competent. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dept. of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.").

Accordingly, we no longer have jurisdiction over Evans's interlocutory appeal.

**APPEAL DISMISSED AS MOOT.**